IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AMY R. POWELL,** | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | **Civil No. PJM 16-2960** |
| | * | (Related to Criminal No. 15-0440) |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |
| | * | |

### MEMORANDUM OPINION

*Pro se* petitioner Amy R. Powell has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. ECF No. 32. The Court has considered the Motion and the Government's Opposition, and, for the reasons described below, **DENIES** it.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

From approximately 2003 through 2013, Powell worked for an architectural firm located in Bethesda, Maryland, where her responsibilities included bookkeeping and management. ECF No. 8-1 at 1. From approximately December 2010 through September 2013, in the course of her employment, she wrote at least eighty-two unauthorized checks payable to herself, ranging in amounts from $500 to $8,000, and totaling approximately $420,444.42. *Id.* She deposited these checks into her own bank account at Capital One Bank. *Id.* She concealed her actions by falsifying check stubs to make it appear that legitimate company bills had been paid with the funds. *Id.*

In September 2013, Capital One Bank detected fraud and returned $6,322.40 to the company for one unauthorized check deposited by Powell. *Id.*

Powell had transported at least sixteen of those unauthorized checks, totaling $80,546.55, from her office in Bethesda, Maryland across state lines to a Capital One Bank branch in Springfield, Virginia, where she deposited the checks into her account. *Id.*

On August 13, 2015, she was charged in an Information with one count of Interstate Transportation of Stolen Money. ECF No. 1. On September 18, 2015, Powell entered into a plea agreement with the Government. ECF No. 8. Under the 2014 Sentencing Guidelines then in effect, the Government and Powell stipulated to a final offense level of 17. ECF No. 18; ECF No. 41-2 at 3. The offense level included a 14-level enhancement for $414,122.02 worth of losses. ECF No. 8 at 4; *see* U.S.S.G. § 2B1.1(b)(1)(H) (2014 ed.).

At sentencing on January 20, 2016, the Court adopted the factual findings and advisory guideline applications in the Presentence Report, which determined that Powell had a criminal history category of I. ECF No. 42-2 at 3; ECF No. 13. The Court then sentenced Powell to thirty months in custody, three years of supervised release, and $414,122.02 in restitution, to be paid in monthly installments of $200 over a period of thirty-six months commencing when Powell would begin her supervised release. ECF No. 28. She is currently confined at the Federal Prison Camp ("FPC") in Alderson, West Virginia.

On August 24, 2016, Powell filed the present § 2255 motion, her first, raising three grounds for relief. ECF No. 32. First, she argues that the Court failed to consider her mental health diagnosis of bipolar II disorder and her history of treatment.[1] *Id.* at 7. Second, she alleges two errors in sentencing due to inaccuracies in the victim impact statement submitted by the owner of the company she stole from and in the calculation of the pecuniary loss. *Id.* at 8-9. Powell claims that the victim impact statement was erroneous because the owner filed for

---

[1] In her initial Motion, Powell did not set forth precisely in what way the Court should have considered her bipolar II disorder. However, in her Reply brief, Powell suggests that counsel should have submitted mental health expert testimony during her "plea." ECF No. 43 at 7.

bankruptcy in order to avoid judgment in a civil suit, thereby discharging some of the debts incurred because of her actions. Powell also asserts that, although the total calculated loss was $414,122.02, she only transported sixteen checks across state lines, totaling $80,546.55. Third, Powell alleges that she is receiving inadequate mental health treatment for her bipolar II disorder at FPC Alderson. *Id.* at 10.

The Government responds by arguing that the Court lacks jurisdiction to consider Powell's claim with respect to the adequacy of her mental health treatment at FPC Alderson and that the remaining claims are meritless, procedurally barred, or otherwise not cognizable. ECF No. 42.

In reply, Powell says she was entitled to a downward departure under U.S.S.G. § 5K2.13 for diminished capacity and raises three ineffective assistance of counsel claims: (1) counsel failed to admit mental health expert testimony during her plea, [2] (2) counsel failed to advise her of the appellate waiver provision in her plea agreement, and (3) counsel failed to argue against the validity of the victim impact statement. ECF No. 43.

The Government has filed a surreply, arguing that the Court should decline to consider the "new arguments" raised for the first time in Powell's reply. ECF No. 44.

## II.     ANALYSIS

Powell's claims may be grouped as follows: (1) that she is receiving inadequate medical care at FPC Alderson; (2) that counsel was ineffective in failing to offer mental health testimony either during plea negotiations or at her plea hearing; (3) that counsel was ineffective in failing to confer with Powell about appealable issues, such as the supposedly incorrect loss enhancement;

---

[2] It is unclear whether Powell is referring to her plea negotiations or her rearraignment. The Government construes this claim in the context of her rearraignment. The Court considers both interpretations.

and (4) that counsel was ineffective in failing to dispute the accuracy of the victim impact statement.

The Court finds that claim (1) is not cognizable under § 2255. Despite the Government's argument that some of Powell's claims have been waived because they were raised for the first time in her Reply, the Court will consider the remaining claims—the diminished capacity claim and the three ineffective assistance of counsel claims—on the merits.

A. *Personal Jurisdiction and Venue: Inadequate Medical Care*

Powell's claim that she is receiving inadequate mental health treatment is not appropriately filed under 28 U.S.C. § 2255, but, as a claim based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), would have to be filed against the warden of the facility in which she is incarcerated.[3] Venue in this case with respect to the *Bivens* claim would thus lie in the Southern District of West Virginia because Powell is in custody at FPC Alderson in that District.

B. *Waiver: Arguments Raised in the Reply*

Ordinarily, federal courts will not consider new arguments raised for the first time in a reply brief. *Hunt v. Nuth,* 57 F.3d 1327, 1338 (4th Cir. 1995); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). However, *pro se* filings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). This standard applies in the context of § 2255 motions. *See Thomas v. United States*, No. CR RDB-10-0491, 2016 WL

---

[3] The Government argues that Powell should have filed a habeas petition under 28 U.S.C. § 2241 in the Southern District of West Virginia. ECF No. 42 at 4. However, a complaint under 42 U.S.C. § 1983—not a § 2241 petition—is "a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). A *Bivens* claim against federal prison officials is the analogue to a § 1983 claim against state officials. *See Farmer v. Brennen*, 511 U.S. 825, 839 (1994). A prisoner has a constitutional right to psychiatric or psychological care for mental ailments under the Eighth Amendment. *See Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977).

5372316, at *1 (D. Md. Sept. 26, 2016). Furthermore, district courts should liberally construe a *pro se* litigant's complaint when "subsequent proceedings, may, at times, reveal that ambiguous fragments in the complaint represent the heart of a litigant's concern." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Government argues that the Court should decline to consider Powell's claim that she was entitled to a downward departure under U.S.S.G. § 5K2.13 and her three claims of ineffective assistance of counsel because they are new arguments raised for the first time in her Reply brief. ECF No. 44 at 2-3. The Government also argues that, if the Court construes Powell's Reply as an attempt to amend her original Motion, she failed to seek leave from the Court as required under Fed. R. Civ. P. 15 and the Court should therefore decline to consider these new arguments. *Id.*

However, in reality, these supposed "new claims" are all intimately related to those Powell raised in her original Motion. For example, the argument in her Reply that she was eligible for a downward departure for diminished capacity pursuant to § 5K2.13 was essentially an expansion and refinement of her original argument that her mental health diagnosis and treatment history should have been considered at the time of sentencing. *Compare* ECF No. 32 at 7 ("GROUND ONE: Failure to consider Mental Health Diagnosis and treatment by Licensed Medical Personnel") *with* ECF No. 43 at 6 ("The government gave little significance to Petitioner's mental disorder...and provided no lenity. Petitioner contends she is eligible for a downward departure based on diminished mental capacity Pursuant to US Sentencing Guidelines Manual 5K2.13. The court dismissed all evidence of Petitioner's mental capacity as irrelevant and/or ambiquitous [sic].").

The Government notes that, even if the Court liberally construes Powell's "new claims," they are procedurally defaulted because they should have been raised on direct appeal. But even if her stand-alone claim regarding her mental health history is deemed procedurally defaulted, it would still come before the Court in the form of a complaint of ineffective assistance of counsel. And, indeed, in her Reply, Powell avers that counsel provided ineffective assistance by not offering mental health testimony at her plea hearing.

Similarly, while Powell fails to directly claim ineffective assistance of counsel in her original Motion with respect to the employer's victim impact statement, which she alleges was false, and the calculation of loss she alleges is erroneous, her Reply brief fairly elaborates on the bases of the claims made in her original Motion. Ground Two of Powell's original Motion asserts that there were two errors in her sentencing, including allegedly false or misleading statements in the victim impact statement and a miscalculation of the total losses resulting from her actions. ECF No. 32 at 8-9. In her Reply, Powell elaborates on these claims, arguing (1) that the Court did not provide her with an adequate opportunity to present relevant information, ECF No. 43 at 10-11, (2) that counsel should have disputed the false statements, *Id.* at 11, and (3) that counsel should have conferred with her about appealable issues, for example with respect to the supposedly erroneous sentencing guideline calculations. *Id.* at 9.

Accordingly, the Court will proceed directly to Powell's arguments regarding her eligibility for a diminished capacity departure as well as her arguments regarding the effectiveness of her counsel.

C. Ineffective Assistance of Counsel Claims

Powell has in effect made three claims of ineffective assistance of counsel.[4] She claims that counsel was ineffective due to his failure: (1) to admit mental health expert testimony at the plea stage, ECF No. 43 at 7, (2) to advise Powell of the appellate waiver provision in her plea agreement as it related to her ability to appeal the guideline calculations contained in her plea agreement, Id. at 7-9, and (3) to argue against the accuracy of the victim impact statement at sentencing. Id. at 11.

Ineffective assistance of counsel claims are governed by the two-part test first elucidated by the Supreme Court in *Strickland v. Washington,* which provides that a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). These two elements are typically referred to as the "performance" and "prejudice" prongs. *See Fields v. Atty. Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). A petitioner bears the burden of proving both *Strickland* elements. *Id.*

First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness based on "prevailing professional norms." *Strickland*, 466 U.S. at 688. In measuring performance, courts should be "highly deferential" to attorneys' strategic choices. *Id.* at 689; *see also Williams v. Kelly,* 816 F.2d 939, 950 (4th Cir. 1987) ("[c]ounsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another."). Defense counsel are afforded "the flexibility to vary their approach given their client's unique circumstances." *Meyer v. Branker*, 506 F.3d 358, 371 (4th Cir. 2007). In the context of mental health mitigation testimony, the Fourth Circuit has held that an attorney's considered decision

---

[4] The Court will treat Powell's procedurally defaulted diminished capacity claim through the prism of ineffective assistance of counsel.

not to present mental health mitigation evidence does not constitute deficient performance under *Strickland*. *Meyer*, 506 F.3d at 371-72.

Second, the petitioner must also prove prejudice by demonstrating that there is a "reasonable probability" that, but for counsel's allegedly unprofessional errors, the outcome would be different. *Strickland*, 466 U.S. at 694. In the plea context, the petitioner must show that, but for counsel's deficient representation, he or she would not have pleaded guilty and would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At the sentencing stage, claims of ineffective assistance of counsel require a showing of a reasonable probability that, absent the alleged errors, the result of the proceeding would have been different. *United States v. Mayfield*, 320 Fed. App'x 190, 191 (4th Cir. 2009). The Supreme Court has held that a 6- to 21-month sentence increase satisfied the *Strickland* "prejudice" prong and held that "any amount of actual jail time has Sixth Amendment significance." *Glover v. United States,* 531 U.S. 198, 203 (2001).

### 1. *Mental Health Expert Testimony*

Powell's first claim—that counsel was ineffective in failing to offer mental health expert testimony <u>during her plea</u> fails because the claim does not satisfy either the performance or prejudice prongs of *Strickland*.

As the Government correctly points out, a plea hearing is not ordinarily a proceeding during which defense counsel would put on expert testimony regarding mental health. ECF No. 44 at 5.

In any event, at the plea hearing, the Court specifically asked Powell about her mental health status and she responded that her bipolar II disorder did not affect her ability to participate in the hearing. ECF No. 42-1 at 3-4. With that understanding, the Court accepted Powell's plea

as knowing and voluntary. Counsel cannot be faulted for not offering testimony that would contradict these concessions by Powell. Nor can Powell show that, by reason of counsel's supposedly deficient performance during plea negotiations, she would have insisted on going to trial, as required by *Strickland* and *Hill* to satisfy the prejudice requirement.

Moreover, in preparation for sentencing counsel in fact submitted documentation to the Probation Officer regarding Powell's mental health diagnosis, then orally argued to the Court at sentencing the matter of her mental health. ECF No. 42-2 at 11-15. The Court finds that the use of documentary evidence in lieu of expert testimony was reasonable and did not constitute deficient performance under *Strickland.* Furthermore, to the extent Powell means to suggest that live testimony related to her mental health should have been offered at sentencing, she has not shown (nor could she show) a reasonable probability that her sentence was increased by reason of this alleged omission by counsel. In other words, there was no prejudice within the meaning of *Strickland*.

Powell's argument that she was entitled to an additional downward departure in her offense level is likewise unavailing. Instead of arguing the *Strickland* factors, she asserts that she was eligible for a downward departure by reason of diminished capacity under U.S.S.G. § 5K2.13. However, that guideline only applies if the defendant committed the offense while suffering from a significantly reduced mental capacity; *and* the significantly reduced mental capacity contributed substantially to the commission of the offense. In order to be eligible for a diminished capacity departure, a defendant must demonstrate "an inability to process information or to reason." *United States v. Withers,* 100 F.3d 1142, 1148 (4th Cir. 1996). While that argument may have been available on direct appeal, it is not cognizable on collateral review.

This claim of ineffective assistance as it pertains to mental health testimony fails.

### 2. *Appellate Waiver*

Powell has also failed to show that counsel was ineffective with respect to explaining the waiver of appeal provisions of the plea agreement. She argues that counsel should have explained to her that she was waiving the right to appeal sentencing guideline calculations reached during plea negotiations. ECF No. 43 at 7-9.

Again, Powell fails to meet her burden under the performance prong of *Strickland*. At her plea hearing, the Court specifically went over the waiver of appeal provision with Powell. The Court asked her whether there was anything regarding the proceedings she did not fully understand and whether she needed to talk to her counsel. ECF No. 42-1 at 24:7-12. Powell replied "No, sir" to both questions.[5] *Id.* She also responded affirmatively when asked if she was satisfied with her counsel's services. *Id.* at 24:13-14. Furthermore, in her plea agreement, Powell acknowledged that she was "completely satisfied with the representation of [her] attorney." ECF No. 8 at 9. Accordingly, there is no evidence that counsel's performance was deficient with respect to the appellate waiver.

To the extent Powell is also arguing that counsel's ineffective assistance caused her to sign the appeal waiver without fully understanding what the appeal waiver meant, ECF No. 43 at 11, the record shows that her guilty plea was voluntary and intelligent.

A defendant's guilty plea must be a voluntary and intelligent decision, and a defendant's statement that the plea is voluntary and knowing is generally conclusive on these issues. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir. 1991). In

---

[5] As indicated, Powell had specifically told the Court at the plea hearing that her bipolar II disorder did not impact her ability to participate in the proceedings. ECF No. 42-1 at 3-4.

cases where ineffective assistance is alleged to have caused the guilty plea to be unknowing or involuntary, the claim must be part of the inquiry into the validity of any waiver of § 2255 rights. *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Powell's statement that she understood the consequences of the appellate waiver, coupled with her affirmative response to the Court's question as to whether her decision was voluntary at her plea colloquy, ECF No. 42-1 at 19-20, contradict her claim in her Reply brief that she did not fully understand what signing an appellate waiver entailed. She has failed to show that, but for counsel's deficient performance, she would have insisted on going to trial.

Powell suggests that she would have appealed several issues were it not for the waiver. ECF No. 43 at 8-9. For example, she argues that, because she only transported $80,546.55 across state lines, counsel was ineffective in failing to contest the application of the sentencing enhancement in her plea agreement pursuant to U.S.S.G. § 2B1.1(b)(1)(H) for the $414,122.02 she fraudulently diverted. ECF No. 32 at 9. But, as the Government correctly explains, the amount of stolen money that Powell actually transported does not limit the applicability of the enhancement. U.S.S.G. § 2B1.1, Commentary, Application Note 3(A)(ii) (2014 ed.) (it is the greater of actual loss or "intended loss," which is defined as the "pecuniary harm that the defendant purposely sought to inflict"). Appeal of that issue quite simply would not have prevailed, in any case. In sum, Powell suffered no prejudice with regard to the failure to appeal this issue.

### 3. *Victim Impact Statement*

Powell also claims that counsel should have contested the accuracy of allegedly false statements in the victim impact statement during sentencing. She also asserts that she was deprived of an adequate opportunity to present information to the Court, pursuant to U.S.S.G. §

6A1.3(a), regarding the allegedly false statements made by her former employer. ECF No. 43 at 10-11.

Here, too, her claim fails to satisfy the "performance" prong of *Strickland*. As the Government points out, defense counsel did address the victim impact statement at sentencing. ECF No. 42-2 at 15-16 ("…we don't truly know as a result what sort of impact this truly has had on him and his ability to retire and the other things that he has claimed in this letter."). Counsel's decision not to pursue this argument further by blaming or discrediting the victim unquestionably fell within the "wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 689. Furthermore, Powell had the opportunity to present matters to the Court before sentence was imposed and there is no indication that counsel in any way prevented her from having that opportunity. *See* U.S.S.G. § 6A1.3; ECF No. 42-2 at 19-21. As to this, Powell's claim does not satisfy the performance prong of *Strickland*.

Powell's claim also fails under the prejudice prong of *Strickland* because she has not shown how discrediting the victim would have resulted in a different sentence. At sentencing, the Court discussed its view of the impact of Powell's transgressions on her former employer, stressing that her actions had devastating consequences on the small firm and its owner, who was defending himself in a lawsuit at the time. ECF No. 42-2 at 23-24. There is no basis to conclude that further attempts by Powell's counsel to discredit the victim would have changed her sentence. ECF No. 44 at 9. Powell, after all, had admitted to stealing over $420,000 from her employer. Catching the owner in collateral lies could never alter that fact.

D. <u>Evidentiary Hearing</u>

The Court concludes that Powell is not entitled to an evidentiary hearing. A 28 U.S.C. § 2255 motion may be denied without a hearing if the files and records of the case conclusively

show that the petitioner is not entitled to relief. § 2255(b). Since it is clear that the Court does not have jurisdiction over Powell's claim that she is receiving inadequate medical treatment, and that her claims of ineffective assistance of counsel are meritless, there is no need for an evidentiary hearing.

### III.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322 (2003). A prisoner satisfies this standard by "demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong," and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The Court has considered the record and finds that Powell has not made the requisite showing here.

### IV.     CONCLUSION

For these reasons, Powell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, ECF No. 32, is **DENIED**;

A separate Order will **ISSUE.**

                                                /s/

                                    **PETER J. MESSITTE**
                             **UNITED STATES DISTRICT JUDGE**

**July 26, 2017**